United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-20563
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

ANGELA SMITH,

Defendant-
Appellant.

---------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-12-1
---------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Angela Smith appeals the sentence imposed following her guilty-plea conviction for possession with the intent to distribute a quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Finding no reversible error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Smith argues that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court reversibly erred in imposing a sentence utilizing the Sentencing Guidelines as mandatory. Smith contends that she preserved the issue at her sentencing hearing by citing Blakely v. Washington, 124 S. Ct. 2531 (2004), in connection with a request she made to the court that did not involve the court's determination of her sentence. This argument lacks merit because Smith's request was not relevant to her invocation of Blakely and also because counsel stated that there was no defense objection to the presentence report.

Since Smith did not preserve a Booker issue, we review only for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Application of the Guidelines as mandatory in determining a defendant's sentence is plain or obvious error after Booker. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-34 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). However, Smith cannot show that the error affected her substantial rights because the record does not indicate that the district court would have imposed a lower sentence under an advisory, rather than a mandatory, guideline scheme. Therefore, Smith is not entitled to relief on grounds of plain error. See id. at 733-34.

AFFIRMED.